```
                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
                    CIVIL NO.: 22-3017 (DSD/TNL)
```

Kathryn K.,

        Plaintiff,

v.                                                  **ORDER**

Kilolo Kijakazi, Acting
Commissioner of Social
Security,

        Defendant.

This matter is before the court upon the parties' cross-motions for summary judgment. Based on a review of the file, records, and proceedings herein, the court denies plaintiff Kathryn K.'s[1] motion and grants the motion of defendant Kilolo Kijakazi, Acting Commissioner of Social Security (Commissioner).

**BACKGROUND**[2]

Plaintiff filed an application for a period of disability and disability insurance benefits on October 22, 2020. Admin. R. at

---

[1] Plaintiff, who is seeking disability insurance benefits, is referred to as Kathryn K., as it is the court's policy is to use only the first name and last initial of non-governmental parties in social security cases.

[2] The administrative record (Admin. R.) is quite voluminous. See ECF No. 9. The court will provide only the background of this case necessary to determine the merits of the instant motions.

233. Plaintiff alleged a disability onset date of January 31, 2019. Id. She claimed as disabling conditions Turner syndrome,[3] bipolar disorder, mechanical heart valve. Coronary artery disease, gastroesophageal reflux disease (GERD), bilateral hearing loss, borderline personality disorder, attention deficit hyperactivity disorder (ADHD), and high blood pressure. Id. at 268. Plaintiff's application was denied, as was her request for reconsideration. Id. at 81. Plaintiff then requested a hearing before an administrative law judge (ALJ) to determine the merits of her claim.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work

---

[3] Turner syndrome is "a condition that affects only females" and "results when one of the X chromosomes (sex chromosomes) is missing or partially missing." http//www.mayoclinic.org/diseases-conditions/turner-syndrome/symptoms-causes/syc-20360782 (last visited September 25, 2023). "Turner syndrome can cause a variety of medical and developmental problems, including short height, failure of the ovaries to develop and heart defects." Id.

2

but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B).  "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4).  At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i).  If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two.  Id. § 416.920(a)(4)(ii).  At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii).  If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four.  The claimant then bears the burden of establishing her residual functional capacity (RFC) and proving that she cannot perform any past relevant work.  Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th

Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

After the Social Security Administration denied plaintiff's application for benefits initially and on reconsideration, she requested a hearing before an ALJ. ALJ Glenn Meyers held a hearing on November 1, 2021, and heard testimony from plaintiff, who was represented by a non-attorney, and a vocational witness. See id. at 11, 47-77. The ALJ ultimately ruled against plaintiff, concluding that she was not under a disability within the meaning of the Social Security Act during the relevant time – January 31, 2019, through the date of his opinion. Id. at 12. The ALJ explained that although plaintiff engaged in substantial gainful activity between October 2019 and March 2020 – with periods of not engaging in substantial gainful activity from January to September 2019 and from April 1, 2020, to the hearing date – and has several severe impairments, she did not have an impairment or combination of impairments meeting or medically equaling a listed impairment. Id. at 14-15. The ALJ further concluded that plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) as

follows:

> [O]ccasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. Except: able to remember, understand, and carry out simple and routine instructions and tasks consistent with the learning and training requirements of SVP level 1 and 2 jobs; no contact with the public; capable of working in proximity to but not in coordination with co-workers; occasional contact with supervisors; no work at heights, balancing, or in proximity to hazardous conditions.

Id. at 16.

In reaching these conclusions, and specifically relevant to the instant motions, the ALJ found the opinions of the state agency psychological physicians, Dr. Lovko and Dr. Mylan persuasive. Id. at 20. The ALJ specifically determined as follows:

> [Drs. Lovko and Mylan] determined the claimant could understand, carry out and remember simple instructions; make judgments commensurate with functions of simple, repetitive tasks; respond appropriately to brief supervision and interactions with coworkers and work situations; deal with changes in a routine work setting. They explained that the claimant could maintain at least a minimal level of relationship with others; "would be able to manage occasional contact with the public but sustained, intensive, interpersonal contact would be precluded. The claimant would appear to work best alone, in semi-isolation from others or as part of a small group." This determination is supported by Dr. Lovko's and Dr. Mylan's thorough review of the record, medical expertise, and familiarity with the Social Security regulations. It is consistent with the treatment evidence and within normal limits mental status examinations ... and the claimant's documented activities of daily living, which includes current light level work activity ... as discussed above.

5

Id. at 20 (internal citations omitted). The ALJ further determined that his "residual functional capacity finding includes limitations that encompass Dr. Lovko's and Dr. Mylan's determination." Id. The vocation expert testified that there are jobs in the national economy for an individual with plaintiff's "age, education, work experience, and residual functional capacity" such as marker, bench assembler, and silver wrapper." Id. at 23.

The ALJ also noted that plaintiff's own testimony supported his conclusions:

> The claimant testified that at her current job at Sunshine Foods, she works at the deli counter where she is in contact with about 20-30 different customers who she assists with their deli orders. She reported that has less contact with the public when she is working in the bakery section or stocking shelves. She testified to no specific conflicts with her co-workers at work and indicated she received a few criticisms from her supervisors but did not have difficulty with them. She continues to work about five days a week, working shifts lasting about 5 hours (e.g., 7:00 am to 12:00 pm, 8:00 am to 12:00 pm). The claimant testified that she is hoping to get more hours in the future.

Id. at 19; see also id. at 49-72. According to the ALJ, plaintiff's then-current work at the grocery store "indicates that [her] abilities and daily activities were greater than she has generally reported in this application and appeal." Id.

Relevant here, the ALJ found the opinion of Dr. Andal to be unpersuasive. Id. at 21. After conducting a neuropsychological

6

evaluation in May 2021, Dr. Andal opined that plaintiff's cognitive deficits are consistent with Turner Syndrome and that she has "areas of strengths and weaknesses." Id. Specifically, Dr. Andal found that plaintiff's general abilities were in the low average range, her attention scores ranged from impaired to average, her language skills were generally intact, and her verbal memory and reasoning were good, but her visual memory and reasoning were deficient. Id. But, the ALJ noted, Dr. Andal did not address plaintiff's "adaptive functioning," which has allowed her to manage her deficits. Id. Nor did Dr. Andal directly address plaintiff's ability to function in a workplace setting. Id. She did note, however, that plaintiff is "encouraged to only attend to one task at a time." Id. For example, she explained that plaintiff should avoid watching television while also having a conversation. Id. at 2430. She did not provide specific work-related examples. See id. She further noted, however, that plaintiff was capable of making independent decisions. Id. at 21. According to the ALJ, Dr. Andal's opinions supported rather than undermined his RFC findings. Id.

The ALJ thus concluded that plaintiff was not disabled because she is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. The Appeals Council denied plaintiff's request for review of the ALJ's decision, id. at , and this lawsuit followed. See 42 U.S.C.

7

§ 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration). Both parties now move for summary judgment.

**DISCUSSION**

Review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted). Here, plaintiff challenges two discrete aspects of the ALJ's decision relating to RFC.

I.   **State Agency Psychologists' Opinions**

Plaintiff first argues that the ALJ did not adequately consider Dr. Lovko's and Dr. Mylan's opinions in assessing her RFC and in determining that she could work in proximity to co-workers

8

and be in occasional contact with supervisors. Plaintiff specifically contends that the ALJ should have limited any work to situations in which she would work alone and in semi-isolation from others. But this argument ignores the complete opinion of the psychologists, who stated that plaintiff "would appear to work best alone, in semi-isolation from others or as part of a small group." Admin. R. at 20. The psychologists did not opine that plaintiff could not work with others. They also noted that plaintiff's "best" work environment would be to work in semi-isolation or as part of a small group, but did not counsel against plaintiff working in other settings. The ALJ's opinion is consistent with that opinion. The court notes that it reached the same conclusion in a very similar recent case. See Harrington v. Kijakazi, No. 22-cv-471, 2023 WL 2524029, at *5 (D. Minn. Mar. 15, 2023) ("Dr. Lovko did not opine that Harrington must be restricted to working alone or in semi-isolation. Instead, Dr. Lovko stated that it 'would appear' that those would be the 'best' working conditions for her. That is not in conflict with the ALJ's finding that Harrington could have occasional interactions with supervisors and other coworkers.").

Moreover, the ALJ tied his conclusion to plaintiff's own testimony in which she discussed her then-current employment with Sunshine Foods. In her role at the grocery store, she worked at the deli counter where she was in regular contact with customers

9

without any apparent difficulty. She also worked in the bakery department, which required less customer interaction. She testified that she had no specific conflicts with her co-workers or supervisors. Indeed, things were going well enough that she hoped to add more hours to her schedule at the store. Admin. R. at 19.

The ALJ properly took this testimony into consideration when fully assessing plaintiff's ability to work and in what setting. The ALJ's opinion in this regard is therefore supported by substantial evidence.

**II. Dr. Andal's Opinion**

Plaintiff next argues that the ALJ did not properly consider Dr. Andal's opinion that she should only complete one task at a time. But Dr. Andal's opinion was that plaintiff should be "encouraged" to only attend one task at time, not that she could not do so. Id. at 21. The court is wholly unpersuaded that the ALJ's decision was inconsistent with this recommendation. The decision was thorough and based on ample evidence in the record, including the compelling testimony from plaintiff herself. Again, the court is satisfied that substantial evidence in the record supports the ALJ's determination, notwithstanding plaintiff's argument.

**CONCLUSION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [ECF No. 11] is denied;

2. Defendant's motion for summary judgment [ECF No. 14] is granted; and

3. This matter is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 27, 2023

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court